IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMON SHIELDS,

     Plaintiff,                         No. CIV S-12-0126 CKD P

   vs.

S.M. PHELPS, et al.,

     Defendants.            <u>ORDER</u>

                                 /

        Plaintiff, a California prisoner proceeding pro se, has filed a complaint alleging a violation of civil rights under 28 U.S.C. § 1983. Plaintiff has not, however, paid the $350.00 filing fee. Good cause appearing, plaintiff will be granted 21 days within which to pay the filing fee. If the filing fee is not submitted to the court within 21 days, the court will recommend that this action be dismissed.

        Ordinarily, plaintiff would have to option of filing an application to proceed in forma pauperis. However, plaintiff is precluded from proceeding in forma pauperis under 28 U.S.C. § 1915(g). That statute reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

1  frivolous, malicious, or fails to state a claim upon which relief may
2  be granted, unless the prisoner is under imminent danger of serious
   physical injury.

3        Court records reveal that plaintiff had at least three actions dismissed for failure to
4  state a claim upon which relief can be granted well before this action was commenced.  Two of
5  those actions were in this court:  1) <u>Shields v. Cal. Dep't of Corrections and Rehab.</u>, No. 2:02-cv-
6  0542 WBS JFM P, dismissed December 12, 2002; and 2) <u>Shields v. Pliler</u>, No. 2:02-cv-1150
7  GEB JFM P, dismissed October 7, 2003.  The other was in the United States District Court for
8  the Central District of California:  <u>Shields v. Alameida</u>, No. CV-03-808 AHM (Mc), dismissed
9  August 14, 2003.

10        Accordingly, plaintiff has "struck out" pursuant to 28 U.S.C. § 1915(g).  Further,
11  the court has reviewed plaintiff's complaint and finds there is no reasonable suggestion that
12  plaintiff is "under imminent danger of serious physical injury."  Plaintiff seeks an injunction
13  against the California Department of Corrections and Rehabilitation in which the court orders
14  prison officials to house plaintiff apart from members of prison gangs.  Safety is only one of the
15  reasons alleged by plaintiff for seeking the injunction.  To the extent safety is a concern, plaintiff
16  fails to allege that he has ever been subjected to violence from a gang member and, more
17  importantly, he fails to point to anything specific and non-conclusory which reasonably suggests
18  he is under imminent danger of serious physical injury as a result of his current housing
19  assignment or in any other respect.  See <u>Manago v. Gonzalez</u>, No. 1:11-cv-1269 GBC (PC), 2012
20  WL 439404, at *2 (E.D. Cal. February 9, 2012) ("A prisoner seeking to invoke the imminent
21  danger exception . . . must make specific, credible allegation of imminent danger of serious
22  physical harm.).

23        In accordance with the above, IT IS HEREBY ORDERED that:
24        1. Plaintiff is directed to pay the $350 filing fee for this action within 21 days;
25  and
26  /////

2. Failure to pay the filing fee will result in a recommendation that this action be dismissed.

Dated: February 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
shie0126.3ks